

**FILED**

MAY 1 1 2009

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY_____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROBERT DEARMON,

      Plaintiff,             No. CIV S-08-2834 MCE KJM PS

      vs.

S. IWANICK, et al.,

                           ORDER AND ORDER DIRECTING SERVICE

      Defendants.          BY THE UNITED STATES MARSHAL

_____/    WITHOUT PREPAYMENT OF COSTS

Plaintiff is proceeding in forma pauperis pursuant to 28 U.S.C. § 1915. The court previously ordered plaintiff to provide information for service of process on form USM-285, sufficient copies of the complaint for service, and a notice of compliance. Plaintiff has filed the required papers.

Plaintiff has filed numerous requests regarding access to the courts. An inmate has a constitutionally protected right of meaningful access to the courts. Bounds v. Smith, 430 U.S. 817, 820-21 (1977). However, there is no freestanding constitutional right to law library access for prisoners. See Lewis v. Casey, 518 U.S. 343, 350-51 (1996). Instead, law library access serves as one means of ensuring the constitutional right of access to the courts. See id. at 351. A prisoner claiming that his right of access to the courts has been violated due to

1

| 1 | inadequate library access must show that: 1) access was so limited as to be unreasonable, and 2) |
| 2 | the inadequate access caused actual injury. Vandelft v. Moses, 31 F.3d 794, 797 (9th Cir. 1994). |

3         A prisoner cannot make conclusory declarations of injury, but instead must

4 demonstrate that a non-frivolous legal claim has been frustrated or impeded. To prevail,

5 however, it is not enough for an inmate to show some sort of denial: he must also show "actual

6 injury" from the denial or delay of services. The Supreme Court has described the actual injury

7 requirement:

> [T]he inmate therefore must go one step further and demonstrate
> that the alleged shortcomings in the library or legal assistance
> program hindered his efforts to pursue a legal claim. He might
> show, for example, that a complaint he prepared was dismissed for
> failure to satisfy some technical requirement which, because of
> deficiencies in the prison's legal assistance facilities, he could not
> have known. Or that he suffered arguably actionable harm that he
> wished to bring before the courts, but was so stymied by
>
> inadequacies of the law library that he was unable even to file a
> complaint.

14 Lewis v. Casey, 518 U.S. 343, 351 (1996).

15         Although plaintiff complains that he is being denied access to the courts, that

16 contention is belied by the fact that plaintiff has successfully filed documents nine times with the

17 court over a two month period. It also appears plaintiff has received the order issued by the court

18 on February 23, 2009 and received the summons and USM-285 forms sent by the Clerk of Court.

19 Although plaintiff complains he has been denied access to the law library, he sets forth no

20 specific incidents or details regarding his claim. Moreover, defendants have not yet been served

21 in this action so plaintiff cannot have been hindered at this juncture in propounding discovery. In

22 addition, plaintiff acknowleges that he is allowed to communicate telephonically with persons

23 outside the place of his incarceration, albeit on a limited basis. For these reasons, plaintiff's

24 requests will be denied.

25         Accordingly, IT IS HEREBY ORDERED that:

26         1. The Clerk of the Court is directed to forward the instructions for service of

2

1  process, the completed summons, copies of the complaint and copies of this order to the United
2  States Marshal.

3          2. Within ten days from the date of this order, the United States Marshal is
4  directed to notify defendants of the commencement of this action and to request a waiver of
5  service in accordance with the provisions of Fed. R. Civ. P. 4(d) and 28 U.S.C. § 566(c).

6          3. The U.S. Marshal is directed to retain the sealed summons and a copy of the
7  complaint in their file for future use.

8          4. The United States Marshal shall file returned waivers of service as well as any
9  requests for waivers of service that are returned as undelivered as soon as they are received.

10          5. If a waiver of service is not returned by a defendant within forty-five days from
11  the date of mailing the request for waiver, the United States Marshal shall:

12                  a. Personally serve process and a copy of this order upon the defendant
13                  pursuant to Rule 4 of the Federal Rules of Civil Procedure and 28 U.S.C.
14                  § 566(c).

15                  b. Within ten days after personal service is effected, the United States
16                  Marshal shall file the return of service for the defendant, along with
17                  evidence of any attempts to secure a waiver of service of process and of
18                  the costs subsequently incurred in effecting service on said defendant.
19                  Said costs shall be enumerated on the USM-285 form and shall include the
20                  costs incurred by the Marshal's office for photocopying additional copies
21                  of the summons and complaint and for preparing new USM-285 forms, if
22                  required. Costs of service will be taxed against the personally served
23                  defendant in accordance with the provisions of Fed. R. Civ. P. 4(d)(2).

24          6. Defendant shall reply to the complaint within the time provided by the
25  applicable provisions of Fed. R. Civ. P. 12(a).

26          7. Each party shall keep the court apprised of a current address at all times while

3

1 | the action is pending. Any change of address must be reported promptly to the court in a separate
2 | document captioned for this case and entitled "Notice of Change of Address." A notice of
3 | change of address must be properly served on other parties. Pursuant to Local Rule 83-182(d),
4 | service of documents at the record address of a party is fully effective. Failure to apprise the
5 | court of a change of address may result in the imposition of sanctions, which may include
6 | dismissal of the action.

7 |         8. The failure of any party to comply with this order, the Federal Rules of Civil
8 | Procedure, or the Local Rules of Court, may result in the imposition of sanctions including, but
9 | not limited to, dismissal of the action or entry of default.

10 |         9. Plaintiff's requests regarding alleged denial of access to the courts are denied
11 | without prejudice.

12 | DATED: **5/11/09**

KIMBERLY J. MUELLER
U.S. Magistrate Judge

006
dearmon.ser

4