IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROBERT DEARMON,

      Plaintiff,                          No. CIV S-08-2834 MCE KJM PS

     vs.

S. IWANICK, et al.,                    ORDER

      Defendants.

_____/

        This matter is set for status conference on April 14, 2010. Because plaintiff is incarcerated, the matter will be submitted on the papers.

        Service of process has not yet been completed on defendant S. Iwanick. On September 17, 2009, the Marshal filed a process receipt and return indicating that defendant Iwanick could not be located. Defendant Author Pagsolingan previously filed a status report in which he indicated he had no information regarding an address at which defendant Iwanick could be served. Because the complaint alleges that defendants, although from different police departments, acted in concert to inflict bodily injury on plaintiff, defendant Aries Pagsolingan will be directed to provide any information available to that defendant regarding the location at which defendant Iwanick can be served.

/////

On December 21, 2009, defendant Aries Pagsolingan filed an answer.  On December 31, 2009 and March 4, 2010, plaintiff filed replies to the answer.  The Federal Rules of Civil Procedure do not provide for the filing of a reply to an answer.  Plaintiff's replies will therefore be stricken.  In light of this order, defendants' ex parte application for extension of time to move to strike the replies is moot and will be denied.

Accordingly, IT IS HEREBY ORDERED that:

1.  The April 14, 2010 status conference is vacated.

2.  No later than April 14, 2010, each party shall file a status conference report addressing the following matters:

  a.  Service of process;

  b.  Possible joinder of additional parties;

  c.  Any expected or desired amendment of the pleadings;

  d.  Jurisdiction and venue;

  e.  Anticipated motions and the scheduling thereof;

  f.  The proposed discovery plan developed pursuant to Federal Rule of Civil Procedure 26(f);

  g.   The potential for settlement and specific recommendations regarding settlement procedures and timing, including whether a settlement conference should be scheduled and if so when, and whether referral to the court's Voluntary Dispute Resolution Program (see Local Rule 16-271) is appropriate in this case;

  h.  Future proceedings, including setting appropriate cutoff dates for discovery and law and motion and the scheduling of a pretrial conference and trial;

  i.  Modification of standard pretrial procedures specified by the rules due to the relative simplicity or complexity of the action or proceedings;

  j.  Whether the case is related to any other case, including matters in bankruptcy;

1  k. Whether the counsel will stipulate to the magistrate judge assigned to this matter acting as settlement judge and waiving any disqualifications by virtue of her so acting, or whether they prefer to have a Settlement Conference before another judge; and

l. Any other matters that may add to the just and expeditious disposition of this matter.

3. No later than April 14, 2010, defendant Aries Pagsolingan shall provide any information available to him regarding the location at which defendant S. Iwanick may be served with summons.

4. Plaintiff and counsel are reminded of their continuing duty to notify chambers immediately of any settlement or other disposition (see Local Rule 16-160).  In addition, the parties are cautioned that pursuant to Local Rule 78-230(c), opposition to the granting of a motion must be filed fourteen days preceding the noticed hearing date.  The Rule further provides that "[n]o party will be entitled to be heard in opposition to a motion at oral arguments if written opposition to the motion has not been timely filed by that party."  Moreover, Local Rule 78-230(j) provides that failure to appear may be deemed withdrawal of opposition to the motion or may result in sanctions.  Finally, Local Rule 11-110 provides that failure to comply with the Local Rules "may be grounds for imposition of any and all sanctions authorized by statute or Rule or within the inherent power of the Court."

5. Plaintiff's replies to the answer (docket nos. 40 and 43) are stricken.  Defendants' ex parte application for extension of time (docket no. 47) is denied as moot.

DATED: March 30, 2010.

_____
U.S. MAGISTRATE JUDGE

006
dearmon2.sta